**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 04-4040

DAMON A. HAVELY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-03-293-PJM)

Submitted: June 28, 2004

Decided: July 27, 2004

Before WIDENER, WILLIAMS, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

James Wyda, Federal Public Defender, Kelli C. McTaggart, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, Hollis Raphael Weis-
man, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Damon A. Havely appeals his convictions and two-year term of probation for misdemeanor possession of marijuana within a National Park, in violation of 36 C.F.R. § 2.35(b)(2), and being a minor in possession of alcohol in a National Park, in violation of 36 C.F.R. § 2.35(a)(2)(ii), as a result of a traffic stop conducted on January 12, 2003. Havely was convicted in a bench trial before a magistrate judge. Havely appealed to the district court pursuant to 18 U.S.C. § 3402 (2000). The district court affirmed Havely's convictions and sentence. Havely appealed to this court pursuant to 28 U.S.C. § 1291 (2000), challenging the sufficiency of the evidence to support each count of conviction.

First, Havely argues that the evidence was insufficient to prove he possessed the drugs found inside the vent of a car in which he was the passenger. The verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). With this standard in mind, we find that the evidence was sufficient. When the officer was first at the vehicle, asking the driver to exit the car, he did not smell anything unusual, although it was apparent that the heat had been on in the car. Upon returning shortly thereafter to question Havely, the heat was blowing very hard and the officer smelled "the strongest smell of marijuana that I've ever smelled in a motor vehicle." Havely was seated close to the vent where the drugs were found, and the magistrate judge reasonably concluded that Havely placed the drugs there.

Next, Havely argues that the evidence at trial was insufficient to prove he was under 21 years of age, an element of the minor in pos-

session of alcohol charge. *See* 36 C.F.R. § 2.35(a)(2)(ii). Because Havely did not raise this claim at trial, our review is for plain error. To meet the plain error standard, (1) there must be an error; (2) the error must be plain, meaning obvious or clear under current law; and (3) the error must affect substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). Even if these criteria are met, the error will not be noticed unless it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* at 736. When "overwhelming and essentially uncontroverted" evidence supports the challenged judicial finding, there is "no basis for concluding that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 633 (2002) (alteration & internal quotation marks omitted). An officer testified that Havely stated his date of birth, which showed he was under 21. However, "an accused may not be convicted on his own uncorroborated confession," *Smith v. United States*, 348 U.S. 147, 152 (1954), or inculpatory admissions. *Opper v. United States*, 348 U.S. 84, 91 (1954). The Government did not introduce a birth certificate, driver's license, passport, or any other evidence to corroborate Havely's age. Upon review of the record, we conclude that the Government failed to produce "substantial independent evidence which would tend to establish the trustworthiness of the statement." *Opper*, 348 U.S. at 93. The Government's failure to present evidence on which a reasonable factfinder could make the required finding of guilt beyond a reasonable doubt as to an element of the crime satisfies the first three *Olano* prongs. *See United States v. Cedelle*, 89 F.3d 181, 185 (4th Cir. 1996) (citing *United States v. David*, 83 F.3d 638, 642-47 (4th Cir. 1996)).

Nevertheless, we decline to notice the error. Havely does not assert that he actually was over the age of twenty-one at the time of the incident, and in fact, counsel for Havely admitted before the district court that his client was under twenty-one at the time of the incident. Moveover, the Judgment in a Criminal Case lists Havely's date of birth as March 2, 1982 — thus making him roughly twenty years and ten months old at the time of the offense — and Havely has not sought to correct this aspect of the judgment or challenge it in any way. Given that "overwhelming and essentially uncontroverted" evidence supports the challenged judicial finding, there is "no basis for concluding that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Cotton*, 535 U.S. at 633

(alteration & internal quotation marks omitted). Accordingly, we decline to notice the error and affirm Havely's conviction for being a minor in possession of alcohol.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*